UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CHRISTOPHER WILLIAMS | CIVIL ACTION |
| VERSUS | No.: 20-766 |
| SENTRY SELECT INSURANCE COMPANY, ET AL | SECTION: "J" (1) |

## ORDER & REASONS

Before the Court is a *Motion to Remand* **(Rec. Doc. 5)** filed by Plaintiff, Christopher Williams ("Plaintiff"), and an opposition thereto (Rec. Doc. 7) filed by Defendants, Select Sentry Insurance Company, Timothy Kreutz ("Kreutz"), and JJ Trucking of Sheboygan, LLC ("JJ Trucking") (collectively "Defendants"). Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion should be **DENIED**.

## FACTS AND PROCEDURAL BACKGROUND[1]

This case arises out of an automobile accident that occurred on or about February 19, 2019, at approximately two o'clock in the afternoon. Plaintiff was driving westbound on I-10 in St. James Parish when he was allegedly rear-ended by Kreutz due to Kreutz's negligent driving. Claims are brought against JJ Trucking for direct negligence and vicarious liability, as Plaintiff alleges Kreutz was in the course and scope of his employment with JJ Trucking at the time of the accident.

---

[1] The following facts regarding the accident and Plaintiff's claims are taken from Plaintiff's state court petition for damages. (Rec. Doc. 1-6).

On January 24, 2020, Plaintiff filed suit in the 23rd Judicial Court for St. James Parish, claiming the accident caused injuries to his neck, right shoulder, and head. To redress his alleged injuries, Plaintiff seeks damages for past and future medical expenses, past and future pain and suffering, and past and future loss of income and earning capacity. Plaintiff does not state a precise monetary amount sought in the case, nor does he stipulate that damages sought equate to $75,000 or less, but he does seek a jury trial. On March 4, 2020, Defendants removed the case to this Court.

Defendants assert that, as of the date of removal, Plaintiff has incurred $14,317.50 in past medical expenses. (Rec. Doc. 1 at 4). Defendants also reference a pre-suit settlement demand from Plaintiff offering to settle the case for $95,000. *Id.* Plaintiff admits in his motion to remand that he "sent a pre-suit demand for $95,000." (Rec. Doc. 5-1 at 2).

## **LEGAL STANDARD**

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a) (2011). "A federal district court has subject matter jurisdiction over a state claim when the amount in controversy is met and there is complete diversity of citizenship between the parties." *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013) (citing 28 U.S.C. § 1332(a)). The amount in controversy required by § 1332(a) is currently $75,000. *Id.* The court considers the jurisdictional facts that support removal as of the time of removal. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883

(5th Cir. 2000). Because removal raises significant federalism concerns, any doubt about the propriety of removal must be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007).

Courts must first determine whether it is "facially apparent" from the state court petition that the plaintiff is seeking over $75,000. *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir.1995). If the amount sought is not facially apparent from the state court petition, the court may then consider "summary-judgment type evidence" relevant to the amount in controversy. *White v. FCI USA, Inc.,* 319 F.3d 672, 675 (5th Cir.2003). Once a removing defendant shows the amount in controversy is likely to exceed the diversity threshold, the burden then shifts back to the plaintiff to establish that, as "a legal certainty," the amount in controversy cannot be met. *De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1412 (5th Cir.1995).

### **DISCUSSION**

As an antecedent matter, the Court finds it is not "facially apparent" from Plaintiff's petition that the amount sought exceeds $75,000. Although the enumerated list of damages in Plaintiff's petition may seem superficially extensive, it is in fact no more than "the usual and customary damages set forth by personal injury plaintiffs," and thus fails to give the Court guidance as to the amount of monetary compensation Plaintiff will eventually seek in this case. *Carver v. Wal-Mart Stores, Inc.*, No. 08-42-M2, 2008 WL 2050987 at *2 (M.D. La. May 13, 2008). Nevertheless, Plaintiff's request for a jury trial informs the Court that the minimum amount of damages sought by Plaintiff is $50,000. *See* La. C.C.P. art. 1732 (the

3

statute provides that trial by jury in Louisiana state court shall not be available unless the petitioner's cause of action exceeds $50,000).

Because the amount in controversy is not facially apparent from Plaintiff's state court petition, the Court must assess whether Defendants have met their burden of proving the amount in controversy in this case exceeds $75,000. Defendants rely on three pieces of evidence to meet their burden. First, Defendants point to Plaintiff's already incurred medical expenses of $14,317.50. (Rec. Doc. 10). Second, Defendants have provided a copy of Plaintiff's medical records, which show Plaintiff has been diagnosed with disc bulges and herniation of the C4-5 and C5-6 vertebrae. (Rec. Doc. 10 at 82). Third, Defendants argue that Plaintiff's own valuation of the case, reflected in his $95,000 settlement offer, is evidence of a sufficient amount in controversy.[2] Having considered the evidence presented by Defendants, the Court finds the amount in controversy in this case exceeds $75,000.

Turning to Defendants' medical evidence, the crux of their argument is the lowest possible general damages award for petitioners with injuries akin to Plaintiff's is $75,000. A review of Louisiana state court decisions convinces the Court that Defendants are correct. *See Este' v. State Farm Ins. Co.*, 96-99 (La. App. 3 Cir. 7/10/96) 676 So. 2d 850, 857 (stating, after a determination that the plaintiff suffered neck and shoulder pain as a result of "symptomatic spondylosis at C4-5 and C5-6 and a bulging disc at C6-7," that "[a]fter a thorough review, we conclude that the lowest

---

[2] Although Defendants failed to provide the Court with direct evidence of the settlement offer, Plaintiff has rendered the lack of hard evidence a non-issue by affirmatively stating that he "sent a pre-suit demand for $95,000." (Rec. Doc. 5-1 at 2).

4

award that was reasonably within the discretion afforded to the jury was $75,000.00.") (citing cases). Thus, when combining Plaintiff's already incurred medical expenses with a successful claim for general damages, it appears extremely likely the amount in controversy will exceed $75,000.

The Court's conclusion of a sufficient amount in controversy is further buttressed by Plaintiff's pre-suit settlement offer for $95,000. A settlement offer is "valuable evidence to indicate the amount in controversy at the time of removal." *Fairchild v. State Farm Mutual Automobile Ins. Co.*, 907 F. Supp. 969, 971 (M.D. La. 1995) (citing *Wilson v. Belin*, 20 F.3d 644, 651 n.8 (5th. Cir. 1994)). Furthermore, the Fifth Circuit has noted that a "plaintiff's settlement offer is ordinarily less than the damages plaintiff expects to receive if victorious at trial, because the offer is obviously discounted by the risk of an outright loss at trial." *Pollet v. Sears Roebuck and Co.*, 2002 WL 1939917 at *2 n.5 (5th. Cir. 2002).[3] Therefore, it can be inferred that Plaintiff's settlement offer of $95,000 is on the low end of what Plaintiff expects to be awarded if Defendants are found liable at trial.

In his motion to remand, Plaintiff fails to argue that his settlement demand was "inflated or that it was not an honest assessment of [his] damages." *Carver*, 2008 WL 2050987 at *3. Rather, Plaintiff asserts, with no legal support, that "settlement demands are not summary judgment type evidence." (Rec. Doc. 5-1 at 2). On the contrary, both this Court and the Middle District of Louisiana consider pre-removal

---

[3] The *Pollet* Court held that in the "distinguishable circumstance" of a plaintiff attempting to utilize a post-removal settlement offer as evidence the amount in controversy did *not* exceed $75,000, said settlement offer was of no consequence. *Id*. This holding was in marked contrast to other decisions of the Fifth Circuit, where pre-removal settlement offers worth more than the amount in controversy were considered as evidence of diversity jurisdiction. *See Wilson*, 20 F.3d at 651; *Hartford Insurance Group v. Lou-Con Inc.,* 293 F.3d 908 (5th Cir.2002).

5

settlement demands as valuable evidence of the amount in controversy, as do numerous courts of other circuits. *See Carver*, 2008 WL 2050987 at *3; *Lonon v. Prieto*, No. Civ. A-00649, 2000 WL 913808 at *2 (E.D. La. 2000); *Cohn v. Petsmart, Inc.,* 281 F.3d 837, 840 (9th Cir.2002); *Ciancaglione v. Sutherlin*, 2004 WL 2040342 at *2-3 (E.D. Pa. Sept. 13, 2004).

Plaintiff's medical expenses and records, request for a jury trial in state court, and pre-removal settlement offer of $95,000, taken together, convince the Court the amount in controversy requirement is met in this case. *See De Aguilar*, 1404 at 1412. As such, the burden shifts to Plaintiff to show that as a legal certainty he will not recover more than $75,000. *Id.* This he has not done.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's *Motion to Remand* **(Rec. Doc. 5)** is hereby **DENIED**.

New Orleans, Louisiana, this 1st day of April, 2020.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE